■ In the Matter of ALAN G. TOBEY, Doing Business as TOBEY's AUTO REPAIR SERVICE, Petitioner, v JAMES P. MELTON, as Commissioner of Motor Vehicles, Respondent.—Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of the State Commissioner of Motor Vehicles, which sustained a finding of failure to perform "quality repairs" and a levying of a $100 fine. Petitioner is an automobile repair shop and on November 18, 1976 made certain repairs to a 1970 Saab owned by one Schultz. Shortly after the repairs were performed, an engine noise was discovered which was found to be caused by loose bearings. The record reveals that the work done by petitioner did not cause the condition or noise and that the repair work was satisfactorily done. Schultz, however, maintained that the condition causing the noise was the result of the manner in which petitioner performed the work. While denying this, petitioner agreed to repair the condition without costs, which was done. In doing the work, however, petitioner used concededly obsolete and less expensive procedures. The noise continued. Schultz thereafter filed a complaint with respondent. After a hearing it was determined that petitioner's second repair of the vehicle was not a "quality repair" and violated subdivision a of section 82.13 (15 NYCRR 82.13 [a]) of respondent's regulations. A civil penalty of $100 was imposed and the Repair Shop Review Board agreed with the hearing officer's findings and imposition of a penalty. The decision was confirmed by the commissioner and the instant article 78 proceeding was brought to challenge the determination. Initially, we note that there is substantial evidence in the record to support the finding that petitioner did not make "quality repairs". Petitioner, however, urges reversal on the ground that the statutes and regulations in question are inapplicable since the work was done without charge. The pertinent portions of the statutes read as follows: "The purposes of this article are to further highway safety by promoting the proper and efficient repair of malfunctioning or disabled motor vehicles and to protect the consumers of this state from dishonest, deceptive and fraudulent practices in the repair of such motor vehicles * * * That further, the purpose of this article is to protect the motoring public from improper repairs made to its vehicles to set standards for quality repairs to be made to motor vehicles for fair and reasonable fees and to eliminate unqualified automotive repair shops from engaging in the business of automotive repair to malfunctioning or disabled vehicles". (Vehicle and Traffic Law, § 398-a.) "As used in this article the term 'motor vehicle repair shop' means any person who, for compensation, is wholly or partially engaged in the business of repairing or diagnosing motor vehicle malfunctions or repairing motor vehicle bodies". (Vehicle and Traffic Law, § 398-b.) To resolve this controversy we must determine whether a specific charge for the instant service was a prerequisite to the applicability of the statutes under the present circumstances. This we do by ascertaining the intent of the Legislature from a reading of the plain language of the entire statutes *(Rankin v Shanker,* 23 NY2d 111). Applying this general rule of construction to the statutes in question and viewing the factual circumstances presented herein, compels

us to reject petitioner's urged construction. Such, in our view, is anomolous and contrary to the intent and purposes to be achieved by the legislation. Section 398-a specifically states that the purposes of the article are to further highway safety by promoting proper and efficient repairs to disabled motor vehicles and to protect the consumer from dishonst practices in the repair of vehicles. It also provides for quality repairs for fair and reasonable fees and for the elimination of unqualified repair shops. A fair reading of this statute compels us to conclude that its primary objective is to promote safety on the highway and to protect consumers against dishonest repairs. Consequently, the repairs must be of a good quality whether a charge is made or not. In our view, the words "for compensation" do not necessitate payment in one specific instance where a vehicle is repaired in order to bring the repairman within the requirements of the statute, but, instead, compel the application of the statute to persons who customarily require payment for the repair of motor vehicles. Petitioner, therefore, comes within the purview of the statute and the determination must be confirmed. Determination confirmed, and petition dismissed, without costs. Mahoney, P. J., Sweeney, Kane, Staley, Jr., and Mikoll, JJ., concur.